IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| **RALPH HOFER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. 3:10-cv-00299** |
| | ) | **Jury demand** |
| **GREYHOUND LINES, INC.,** | ) | |
| | ) | Judge Haynes/Bryant |
| Defendant. | ) | |

**INITIAL CASE MANAGEMENT ORDER**

**I.     Jurisdiction and Venue**

This court has jurisdiction pursuant to USCA 28 §1332 in that the parties are citizens of different States and the amount in controversy exceeds the statutory limit.

**II.    Parties' Theories of the Case**

  **1. Plaintiff's Theory of the Case**

Plaintiff began his employment with the defendant on or about May 1990. Up until his termination on January 8, 2010, he held the position of driver. On January 8, 2010 Plaintiff was told that he was being terminated due to violations of the company policy. Specifically, Plaintiff was told that he violated policy S-1 which states as follows: "Whenever involved in an

accident as defined below, drivers are required to: (a) stop in a safe place if the bus can be moved, (b) assist passengers and others involved in the accident, (c) protect the scene with flags/reflectors, (d) report the accident to the company and police, and (e) obtain all required information.; S-2 which states "It is the responsibility of the professional Greyhound driver to drive in such a manner as to identify accident-producing situations soon enough to take reasonable and prudent action to avoid an accident.; G.-42 which states "Mishandling of company funds, falsification of Company documents or governmental reports, falsification of statements or sworn testimony, or any other form of dishonest behavior, shall be grounds for discipline, up to and including termination.

Plaintiff would submit that these allegations were without merit and that the real reason he was terminated was because of his age, 69. Plaintiff would submit that younger drivers, similarly-situated to the Plaintiff, had committed violations of the same provisions of the Defendant's policies and were not terminated.

## 2. Defendant's Theory of the Case

On January 3, 2010, Plaintiff, a Greyhound bus driver, in leaving the Birmingham, Alabama Greyhound facility with passengers, backed up the bus he was driving striking a curb. He did not inspect the bus for damage after the

2

collision. He then drove from Birmingham to Huntsville, Alabama, an intermediate stop on his ultimate Nashville, Tennessee destination. In Huntsville, he was told by another Greyhound employee that he had a flat tire. Instead of unloading at the Huntsville station and seeking assistance, he continued to drive toward Nashville. Seven miles outside of the Huntsville station, he pulled off on the side of the road, let off the passengers and called for help. The damaged bus was towed to Nashville, where the wheel was removed with a cutting torch due to the extreme damage done to the wheel. Plaintiff's behavior was very dangerous in that it could have lead to an accident due to loss of control or the friction from the wheel could have caused a fire. The Plaintiff's conduct not only violated the Defendant's Drivers' Rule Book, including PoliciesG-40, G-42 and Safety Rules S-1, I-VII, but in taking this action, he also violated state and federal law, specifically, Alabama Code Section 32-5-210 and DOT Safety Regulation 49 C.F.R. 393.75. This was the third accident Plaintiff had had in a three year period.

Plaintiff was not terminated due to his age, but rather his termination was motivated by legitimate business and safety concerns.

### III. Schedule of Pretrial Proceedings

#### A. Rule 26(a)(1) Disclosure

The Parties shall make their Rule 26(a)(1)(A) through (E) disclosures within (30) days from the date of the initial case management conference.

3

### B. <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

Ninety (90) days from the date of the initial case management conference, counsel are to discuss whether this case can be resolved without further discovery proceedings. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

### C. <u>Other Pretrial Discovery Matters</u>

Following the case management conference on June 18, 2010, this action is set for a jury trial on July 19, 2011, at 9:00 a.m.

If this action is to be settled, the Law Clerk shall be notified by noon, July 15, 2011 [on the Friday before trial is scheduled to begin]. If the settlement is reached thereafter resulting in the non-utilization of jurors, the cost of summoning jurors may be taxed to the parties dependent upon the circumstances.

A pretrial conference shall be held on July 8, 2011, at 3:00 p.m. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery shall be completed by the close of business on November 30, 2010. All written discovery shall be submitted in sufficient time so that the response shall be in hand by November 30, 2010. All discovery related

statements shall be filed by the close of business on December 15, 2010. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of record shall attend and meet in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions[1] shall be filed by January 14, 2011 and any response thereto shall be filed by February 14, 2011. Any reply shall be filed by March 1, 2011.

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendments will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline.

Discovery as to expert witnesses shall be stayed pending disposition of any dispositive motions. All expert witness discovery, if necessary, shall be governed by the applicable local and federal rules.

The response time for all written discovery and requests for admissions is thirty (30) days from service.

---

[1] Except as otherwise set forth herein, all Motions for Summary Judgment shall be governed by Local Rule 56.01.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to thirty (30) such interrogatories to each party. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Local Rule 33.01 shall govern.

It is so **ORDERED.**

**ENTERED** this the 23rd day of June 2010.

                                               *s/ John S. Bryant*
                                               JOHN S. BRYANT
                                               United States Magistrate Judge

APPROVED BY:

s/James L. Harris No. 014173
Attorney at Law
2400 Crestmoor Road
Nashville, Tennessee 37215
Phone 615-386-7143
Fax 615-297-6855
jhar401@comcast.net

s/James R. Mulroy , II No. 000098
Jackson Lewis LLP-Memphis
999 Shady Grove Road
Suite 110
Memphis, TN 38120
(901) 881-2650
Fax: (901) 881-2654
Email: mulroyj@jacksonlewis.com

s/Oscar J. Norris , III No. 017504
Jackson Lewis LLP-Memphis
999 Shady Grove Road
Suite 110
Memphis, TN 38120
(901) 462-2600
Fax: (901) 462-2626
Email: norrisj@jacksonlewis.com